# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| CHADWICK SMITH, Individually and for Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>GUIDANT GLOBAL, INC.,<br><br>Defendant. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Guidant Global, Inc. (Guidant) has failed to pay Chadwick Smith (Smith) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Guidant pays Smith, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Smith brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because

Guidant maintains its headquarters in this District and Division.

## THE PARTIES

6. Smith is an hourly employee of Guidant.

7. Smith worked for Guidant from approximately 2011 until 2017.

8. His written consent is attached as Exhibit A.

9. Guidant maintains its United States headquarters in Southfield, Michigan.

10. Guidant may be served with process by serving its registered agent **Corporation Service Company, 601 Abbot Road, East Lansing, Michigan 48823, USA.**

## COVERAGE UNDER THE FLSA

11. At all relevant times, Guidant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Guidant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Guidant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

14. At all relevant times, Guidant had an annual gross volume of sales made in excess of $1,000,000.

15. At all relevant times, Smith and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

16. Guidant "provide[s] global workforce management solutions."[1]

17. Smith worked for Guidant from approximately November 2015 until November 2017.

18. Smith performed work for Guidant in Owensville and Edwards Point, Indiana.

19. Smith worked for Guidant as a Coordinator.

20. Smith reported the hours he works to Guidant on a regular basis.

21. Smith was not guaranteed a salary.

22. If Smith worked fewer than 40 hours in a week, he was only paid for the hours worked.

23. Smith regularly worked over 40 hours in a week.

24. In fact, Smith routinely worked 60 to 90 hours per week.

25. Instead of paying overtime, Guidant paid Smith the same hourly rate for the hours he worked over 40 in a work week.

---

[1] https://www.guidantglobal.com/about (last visited July 10, 2019)

3

26. The hours Smith and the Putative Class Members (defined below) worked are reflected in Guidant's records.

27. Rather than receiving time and half as required by the FLSA, Smith only received "straight time" pay for overtime hours worked.

28. Guidant's "straight time for overtime" payment scheme violates the FLSA.

29. Guidant was and is aware of the overtime requirements of the FLSA.

30. Guidant nonetheless fails to pay certain employees, such as Smith, overtime.

31. Guidant's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Guidant's illegal "straight time for overtime" policy extends beyond Smith.

33. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

34. Guidant pays hundreds of workers using the same unlawful scheme.

4

35. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

36. The workers impacted by Guidant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

37. Therefore, the class is properly defined as:

**All employees of Guidant who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

## COLLECTIVE CAUSES OF ACTION

38. Smith incorporates all previous paragraphs and alleges that the illegal pay practices Guidant imposed on Smith were likewise imposed on the Putative Class Members.

39. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

40. Numerous other individuals, like Smith, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

41. Based on his experiences and tenure with Guidant, Smith is aware that Guidant's illegal practices were imposed on the Putative Class Members.

42. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

43. Guidant's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

44. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

45. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

46. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

47. Smith demands a trial by jury.

## PRAYER

52. Smith prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to

assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Guidant liable for unpaid back wages due to Smith and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 6th day of August 2019.

By: /s/
**Michael A. Josephson**
TX Bar No. 24014780
Federal ID No. 27157
**Andrew W. Dunlap**
TX Bar No. 24078444
Federal ID No. 1093163
**Taylor A. Jones**
TX Bar No. 24107823
Federal ID No. 3348814
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

            **AND**

            **Richard J. (Rex) Burch**
TX Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

Respectfully submitted,

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
    Jennifer L. McManus  (P65976)
    Local Counsel for Plaintiff
    25892 Woodward Avenue
    Royal Oak, MI  48067-0910
    (248) 542-6300

Dated:  August 6, 2019          jmcmanus@faganlawpc.com

# EXHIBIT A

**CONSENT TO JOIN WAGE CLAIM**

Print Name: __Chadwick Smith_____

1. I hereby consent to participate in a collective action lawsuit against __Guidant Group_____ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: __*Chadwick Smith (Jul 31, 2019)*_____     Date Signed: __7/31/2019_____